UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

STEVEN BURNETT,

    Plaintiff,

  v.

HERRIN CITY POLICE, *et al.*,

    Defendants.

Case No. 10-cv-533-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Steven Burnett's *pro se* Motion for Leave (Doc. 7), specifically leave to re-file an *in forma pauperis* motion, and second Motion to Proceed *in Forma Pauperis* (Doc. 8).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). In determining indigence, courts must remember that "a person need not be absolutely destitute in order to enjoy the benefit of § 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (discussing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Even if a plaintiff is found to be indigent, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. § 1915(e)(2)(B)(i).

Here, although the Court previously found that Burnett was not indigent for purposes of proceeding *in forma pauperis*, (*see* Doc. 6), Burnett's financial situation has since drastically changed. Having lost his job at Express Tweedy Towing, Burnett has gone from earning approximately $313.00 per week to collecting $51.00 every week in unemployment. Burnett's

1

liabilities far outweigh his unemployment benefits; as such, the Court hereby finds him indigent for purposes of its *in forma pauperis* analysis.  Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious.  Therefore, the Court **GRANTS** Burnett's Motion to Proceed *in Forma Pauperis* (Doc. 8) without prepayment of fees and costs.  The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Court **DENIES as moot** Burnett's Motion for Leave (Doc. 7), as Burnett did not need leave to file the instant *in forma pauperis* motion.

If Burnett wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** him to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Burnett.

**IT IS SO ORDERED.**
**DATED: August 19, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
