IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN BURNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10−cv−0533−JPG−SCW |
| | ) |
| CITY OF HERRIN, ILLINOIS, VIC RITTER, JIMMY LLOYD, STU RIDINGS, QUINN LAIRD, WILLIAMSON COUNTY SHERIFF DEPARTMENT, DEPUTY ASHMAN, ENERGY POLICE, BECK, KAREN CLARK, HERRIN CITY POLICE, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

*Pro se* plaintiff, Steven Burnett (Burnett), filed his original Complaint (Doc. 1) on July 19, 2010, alleging that Defendants violated his constitutional rights by failing to respond to his calls after a July 4, 2008, incident involving Burnett's neighbor. Now before the Court is Burnett's Motion to Terminate Plaintiff's Deposition (Doc. 89), pursuant to FEDERAL RULES OF CIVIL PROCEDURE 26 and 30. In his motion, Burnett argues that his March 11, 2011 deposition should be terminated because it was conducted for the purpose of harassment in violation of FED. R. CIV. P. 26(g)(ii), and he was "embarrassed and annoyed by the questions relating to his arrest record"—which allegedly violates FED. R. CIV. P. 30(d)(3)(A). Burnett claims that he felt harassed because: (1) the deposition took place at the Herrin City Hall; (2) the police chief for Energy Police Department and Beck-Badge #9934 were both present; and, (3) one of the defendants "was portraying harmful and intimidating looks to the plaintiff" (Doc. 89, p. 1). Burnett further claims that he "felt annoyed and oppressed with the facial expressions that were being shown by the defendant" (*Id.* at 2). In sum, because he felt harassed, annoyed and oppressed, Burnett asks this Court to terminate his deposition pursuant to FED. R. CIV. P. 30(d)(3)(B).

In light of his *pro se* status, the Court will overlook the fact that Burnett failed to move to terminate or limit his deposition while it was ongoing as required by FED. R. CIV. P. 30(d)(3). The Court however will not overlook the fact that Burnett did not file his motion until almost three months after his deposition was complete, and after the deadlines for his responses to the pending motions for summary judgment had already passed (*see* Docs, 83, 85, 86). More importantly, the Court cannot overlook the fact that there are no facts which support Burnett's contentions. Simply put, Burnett's motion is meritless.

FED. R. CIV. P. 30(d)(3)(A) provides, in relevant part: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that *unreasonably* annoys, embarrasses, or oppresses the deponent or party." (emphasis added). The Court has thoroughly reviewed the transcript of Burnett's deposition which Defendants filed along with their Memorandum in Support of their Motion for Summary Judgment (Doc. 84-1). The transcript provides absolutely no support for Burnett's claims. During his deposition, Burnett did not make even the slightest mention of feeling harassed, annoyed or oppressed. Nowhere in the transcript is there even a hint or an allusion to the fact that Burnett may have felt intimidated or threatened. At one point defense counsel notes: "let the record show that Officer Beck and Chief of Police Shawn Ladd have entered. Mr. Ladd is a representative for the Village of Energy, and Mr. Beck, of course, is a defendant" (Doc. 84-1, Burnett Deposition, pp. 15-16). The questioning of Burnett then picks up where defense counsel left off, as if nothing had changed. In short, there is simply no factual evidence in the transcript that the deposition was conducted in an improper manner.

Burnett also objects to defense counsel's questioning regarding his background, claiming that his "prior arrests before November 25, 2008 should be irrelevant" (Doc. 89, p. 2). To the contrary, this kind of background information is a standard topic in many depositions, especially where the plaintiff alleges constitutional violations by police officers with whom the plaintiff had prior contact.

Regardless, at the proper time, the Court will ultimately determine what evidence is relevant and what evidence is irrelevant for correctly resolving the merits of Burnett's claims. At this point, nothing in the record or in the transcript of Burnett's deposition supports his contentions that, during his deposition, he was harassed, or felt threatened, annoyed and/or oppressed. Simply alleging that he felt this way—almost three months after his deposition ended—is not enough to make it so.

In light of the foregoing, Burnett's Motion to Terminate Plaintiff's Deposition (Doc. 89) is **DENIED**.

**IT IS SO ORDERED**.

DATED September 8, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge