IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN BURNETT,<br><br>    Plaintiff,<br><br>v.<br><br>HERRIN POLICE, VIC RITTER, STU RIDINGS, KAREN CLARK, QUINN LAIRD, JIMMY LLOYD, CITY OF HERRIN, WILLIAMSON COUNTY SHERIFF DEPT., DEPUTY/JAILER ASHMAN, ENERGY POLICE DEPT., BECK BADGE #9934<br><br>    Defendants. | Case No. 10-CV-533-JPG/SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on motions for summary judgment by each of the defendants in this case (Docs. 83, 85, 86) and motions to dismiss by each of the defendants (Docs. 52, 63, 77). The plaintiff filed responses to the motions for summary judgment. (Docs. 90, 96, 97) and to the motion to dismiss (Docs. 65, 79). The Court shall address these motions in turn.

## BACKGROUND

The motions before the Court arise out of two connected events. On July 4, 2008, Burnett was flipped off by a neighbor who also yelled obscenities at him while driving by. Burnett was upset by this behavior and called the police to make a police report which he ultimately did not file. In his complaint, Burnett states the police's failure to arrest his neighbor violated Burnett's

1

right to be equally protected. These facts will be discussed in more detail in regard to the Defendants' Motion to Dismiss.

The next event occurred several months later on November 25, 2008. On that day, Burnett was still upset his neighbor was not arrested over the prior incident and so he called the police on himself and reported that he (Burnett) was in the street causing a disturbance. The police arrived at his residence at which point he was arrested for filing a false police report and resisting arrest. He was then brought to the Williamson County Jail. It is out of these events Burnett claims he was the victim of use of excessive force and false arrest. These facts will further be explicated in the analysis for summary judgment.

## I. **Statute of Limitations**

A. Standard of Review

Defendants filed a motion to dismiss Defendants Clark, Ritter, and Ridings on the grounds of barring by the statute of limitations. Illinois state law governs the statute of limitations for a claim under 42 U.S.C. 1983. *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir. 1989). The Seventh Circuit has held the proper statute of limitations under Illinois law for §1983 claims is two years. *Kalimara*, 879 F.2d at 277.

B. Facts

The events complained of begin on July 4, 2008. On this day, Burnett was walking along a road when Reid drove by as a passenger in a car, flipped him off and yelled obscenities at him. Reid did not threaten Burnett with bodily injury nor use the vehicle to threaten Burnett. Burnett first called Williamson County Police and was told there was a warrant for Reid's arrest. Burnett then called Defendant Karen Clark at Dispatch for Herrin Police on the non-emergency number. He asked if the Herrin Police arrested people on warrants, was told they did not, and then ended

the call. He later called Clark again and stated he wanted to report a disturbance. According to Burnett, Clark asked his name and then stated she could not help him. He then hung up without making a report. He took no other actions to file a police report against Mr. Reid and there were no further incidences between Reid and Burnett.

On July 7, 2008, Burnett contacted the Mayor of Herrin, defendant Vic Ritter, to discuss filing a complaint against Reid but was again told nothing could be done. On July 9, 2008, Burnett also called defendant Chief Stu Ridings of the Herrin Police Department to find out why nothing was done about Reid.

## ANALYSIS

The complaint alleges a violation of 42 U.S.C. §1983 through the failure to arrest Reid and "depriving plaintiff of freedom and not equally protecting Plaintiff from neighbor." (Para. 21-2, Plaintiff's Second Amended Complaint, Doc. 40). As such these allegations are governed by the two-year statute of limitations. Id. Although Burnett fails to set out which defendants are included in each count, it can reasonably be concluded the allegation of failure to arrest Reid is against the City of Herrin, the Herrin Police, Quinn Laird, Vic Ritter, Stu Ridings, and Karen Clark. The events with these defendants occurred on July 4, July 7 and July 9, 2008. The complaint was filed by Burnett on July 19, 2010. As such, the claims against Quinn Laird, Vic Ritter, Karen Clark, and Stu Ridings are barred by the statute of limitations. Although the Defendant's Motion to Dismiss (Doc. 52) is limited to Vic Ritter, Karen Clark, and Stu Ridings, any claim against the Quinn Laird, the City of Herrin and the Herrin Police Department based upon the events of July 4th is also barred by the statute of limitations.

The Court grants the motion to dismiss (Doc. 52) and dismisses Count I with prejudice against all potential defendants including Vic Ritter, Karen Clark, Stu Ridings, the City of

Herrin, the Herrin Police Department, and Quinn Laird as it is barred by the statute of limitations.

## II. **Summary Judgment**

A. Standard of Review

The remaining motions filed by the defendants are for summary judgment on the remainder of the claims. (Docs. 83, 85, 86). Count II of the Plaintiff's complaint is 18 U.S.C. §242 and alleges bodily injury by the police. Although 18 U.S.C. § 242 is a criminal statute, the Court will liberally construe the Plaintiff's pleadings as to plead false arrest and excessive police force under 42 U.S.C. §1983. *See* Fed. R. Civ. Pro. 8(a)(2) *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (stating "A document filed *pro se* is "to be liberally construed"); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (stating "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotations omitted)). As such, the Court will review the Defendants' motions for summary judgment in light of 42 U.S.C. §1983.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a

4

genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

B. Facts

The facts taken most favorably to the Plaintiff are as follows. On November 25, 2008, Burnett was still upset about the Reid incident and called the Herrin Police non-emergency line. He reported that he himself, Steven Burnett, was in the street causing a disturbance, which he was obviously not as he was calling the police. Burnett then went outside with a tape recorder and flashlight and waited for the Herrin Police to arrive. Defendant Officer Lloyd of the Herrin Police arrived at the scene and asked to see both his hands. Burnett told the officers he had called about himself and then both officers motioned towards him to put his hands behind his back in order to make an arrest. Burnett resisted the arrest until they threatened him with resisting arrest charges. Officer Lloyd handcuffed Burnett at this time. Burnett has alleged the handcuffs were put on too tightly but did not make statements to the effect at this time or any other time in police custody. He did not ask anyone to loosen the cuffs at any point. Burnett did not receive medical treatment for the marks on his wrists from the handcuffs. At some point, defendant Officer Beck of the Energy Police Department arrived on the scene and Burnett was then put in his patrol car.

Officer Beck transported Burnett to the Herrin Police Department where Burnett received tickets for resisting arrest and filing a false police report. Beck then drove Burnett to Williamson County Jail. While driving, Burnett verbally threatened Officer Beck. At the jail, defendant Deputy Ashman of the Williamson County Sherriff's Department took charge of Burnett and Beck remained at the jail to complete paperwork. The officers removed Burnett's handcuffs, at which point he took his cellular phone out of his pocket and dialed 911. Burnett was told to put down the phone, which he did not, and then Beck and Ashman put him on the ground to remove the cellular phone. Burnett claims to have sustained injuries to the right side of his face from this. Burnett stated in his deposition that the facial injury was an accidental effect of the effort to gain control of him and the officers' force was reasonable during his incarceration process. Burnett later pled guilty to obstructing a peace officer.

## ANALYSIS

A. Unlawful Arrest

Construing Count I of the complaint liberally in favor of the *pro se* plaintiff, it can be interpreted as a claim of unlawful arrest. "Probable cause to arrest a suspect for any offense…bars liability for false arrest." *Nelson v. Village of Lisle, Ill.,* No. 11-1350, 2011 WL 3664291*2 (7th Cir. Aug. 22, 2011). Probable cause itself requires only a fifty percent likelihood that a crime occurred and the suspect committed it. *Id.* Burnett was charged with resisting arrest and disorderly conduct and then pled guilty to obstructing a police officer. At the time he was arrested, he had called the police to say Steven Burnett was causing a disturbance which creates probable cause for disorderly conduct. Burnett then told Officer Lloyd when he arrived he had called on himself, thus making a false police report, an offense for which he received a ticket. As he then pled guilty to the charge for which he was arrested, Burnett cannot now claim false

6

arrest. *Nelson*, 2011 WL 3664291. The Court finds no reasonable jury could find Burnett was unlawfully arrested and finds in favor of defendant Officer Lloyd.

      B.  <u>Excessive Force by Officers Lloyd and Beck and Deputy Ashman</u>

The standard for claims of excessive force is one of objective reasonableness under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989); *Smith v. Ball State Univ.*, 295 F.3d 763 (7th Cir. 2002). "Objective reasonableness" in regards to the amount of force used requires examining the facts and circumstances of the particular incident including whether the suspect was actively resisting arrest. *Id*.

The Plaintiff's claim of excessive force appears to be based upon two incidents; Officer Lloyd placing the handcuffs on too tightly and being put to the floor by Officers Beck and Ashman in the Williamson County Jail. The Seventh Circuit has held overly tight handcuffs alone do not usually rise to the level of excessive force. *Tibbs v. City of Chicago,* 469 F.3d 661, 666 (7th Cir. 2006). In the circumstances where overly tight handcuffs have been found to be excessive force, plaintiffs complained about the tightness/numbness to the officers to no avail, received medical treatment, and sustained other serious injuries. *See e.g., Payne v. Pauley*, 337 F.3d 767 (7th Cir. 2003); *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002). Here, Officer Lloyd placed the handcuffs on Burnett in standard fashion, Burnett did not make any other officer aware he was in discomfort, and Burnett did not receive medical care. Based upon these facts, no reasonable jury could find the overly tight handcuffs rose to the level of "excessive force." The Court finds in favor of the Defendant, Officer Lloyd.

The second incident occurred when Officer Beck and Deputy Ashman put Burnett on the floor and removed his cellular phone. Burnett stated in his deposition, however, that the force

7

used by Officer Beck and Deputy Ashman was reasonable in light of the situation. Deposition of Steven Burnett, 3/11/2011 p. 133.

> Q: So the question is, did Officer Ashman act inappropriately in taking you to the ground when you were trying to make a cellphone call while you were in jail?
>
> A: No.
>
> [skip to line 13]
>
> Q: And the same goes for Officer Beck, too, correct?
>
> A: Correct.

Based upon Burnett's own statements the force used was not unreasonable and the factual circumstances in the record as a whole, there is no cause for further analysis. The force used by Deputy Ashman and Officer Beck was not excessive and did not violate 42 U.S.C. § 1983. The Court finds no reasonable jury could conclude the defendant officers used excessive force and grants the motion for summary judgment in favor of Deputy Ashman and Officer Beck.

    C. <u>Village of Energy, City of Herrin, Herrin Police Department, and Williamson County Sherriff Department</u>

Liability under 42 U.S.C. § 1983 is predicated upon personal responsibility. *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986). It is well settled that municipalities can only be held liable under 42 U.S.C. §1983 for constitutional violations caused by their official policies. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Straus v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985). Further, municipalities and their entities cannot be held liable solely on a theory of *respondeat superior. Spriggs v. City of Chicago,* 523 F. Supp. 138 (N.D. Ill. 1981). Rather, the plaintiff must plead and prove the acts of the city's

agent were wrongful and there was a municipal policy directing the occurrence of the wrongful act. *Id*. at 141.

Burnett has failed to satisfy the first element requiring a wrongful act on the part of an agent of the city. He has put forth no credible evidence, nor can any be gleaned from the record as a whole, that would support the theory of a municipal policy directing such an act. As such, the Court grants the motion for summary judgment for the Defendants, the Village of Energy, City of Herrin, Herrin Police Department, and Williamson County Sherriff Department.

## CONCLUSION

The Court **GRANTS** the Defendants motions for summary judgment in their entirety and finds judgment for the Village of Energy, City of Herrin, Herrin Police Department, Williamson County Sherriff Department, Officer Lloyd, Officer Beck, and Deputy Ashman. (Docs. 83, 85, 86) and directs the Clerk of Court to enter judgment accordingly.

The Court **GRANTS** the Defendant's motion to dismiss (Doc. 52) and **DISMISSES with prejudice** any and all claims under 42 U.S.C. §1983 against Vic Ritter, Karen Clark, Stu Ridings, the City of Herrin, the Herrin Police Department, and Quinn Laird as barred by the statute of limitations. The Court directs the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATE**: September 19, 2011

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**